UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RACHEL L.,

                                                                             DECISION AND ORDER

                               Plaintiff,

                                                                            23-CV-0199L

                          v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                                Defendant.
_____

      Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

      On September 30, 2020, plaintiff, then twenty-six years old, filed applications for a period of disability and disability insurance benefits, and supplemental security income ("SSI"), alleging an inability to work since May 15, 2019. (Administrative Transcript, Dkt. #5 at 25). Those applications were initially denied. The plaintiff requested a hearing, which was held via teleconference on August 5, 2021 before administrative law judge ("ALJ") Vincent M. Cascio. The ALJ issued an unfavorable decision on January 7, 2022, finding plaintiff not disabled. (Dkt. #5 at 25-36). That decision became the final decision of the Commissioner when the Appeals Council denied review on January 27, 2023. (Dkt. #5 at 1-3).

      The plaintiff has moved for remand of the matter for further administrative proceedings (Dkt. #6), and the Commissioner has cross moved (Dkt. #8) for judgment on the pleadings,

pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision exhaustively summarizes plaintiff's medical records, reflecting treatment for Crohn's disease, right pituitary microadenoma/prolactinoma (benign tumor), hypothyroidism, and unspecified anxiety disorder, which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment. (Dkt. #5 at 27).

In applying the special technique for mental health impairments, the ALJ found that plaintiff had a mild limitation in understanding, remembering, or applying information, a moderate limitation in interacting with others, a moderate limitation in concentration, persistence, and pace, and a moderate limitation in adapting or managing herself. He accordingly concluded that her anxiety was not, by itself, disabling. (Dkt. #5 at 29).

On consideration of the entire record, the ALJ found that plaintiff has the residual functional capacity ("RFC") to perform light work, with no more than occasional climbing of ramps and stairs, stooping, crouching, kneeling, or crawling. Plaintiff can never climb ropes, ladders, or scaffolds, or tolerate exposure to unprotected heights of hazardous machines. She can

understand, remember, and carry out simple, routine, repetitive work-related tasks, with only occasional contact with the public, co-workers, and supervisors. She must work in a low stress job, defined as requiring no more than occasional decision-making. Plaintiff will be off-task for 10% of the workday, in addition to regularly-scheduled breaks. (Dkt. #5 at 30).

When provided with this RFC as a hypothetical at the hearing, vocational expert James Soldner testified that although plaintiff had no past relevant work, she could perform the representative light exertion positions of mail clerk, office helper, and marker. (Dkt. #5 at 35-36). The ALJ accordingly found plaintiff not disabled. This appeal followed.

**I.      RFC Supported By Substantial Evidence**

Plaintiff argues that the ALJ erred when he determined that plaintiff required a 10% off-task limitation. Plaintiff contends that since the limitation is not specifically supported by any medical opinion, the ALJ's finding that it was sufficient to account for her Crohn's disease symptoms was not supported by substantial evidence, and that remand for further proceedings is therefore required.

The Court agrees. While an ALJ's RFC finding need not correspond perfectly to any medical opinion, the ALJ's "ability to make inferences about the functional limitations caused by an impairment does not extend beyond that of an ordinary layperson." *Duncan v. Comm'r of Soc. Sec.*, 2020 U.S. Dist. LEXIS 40491 at *7 (W.D.N.Y. 2020). Accordingly, an ALJ's reasoning in reaching an RFC determination must be "sufficiently discernible" to permit meaningful review. *McGirr v. Comm'r of Soc. Sec.*, 2020 U.S. Dist. LEXIS 111778 at *5-*6 (W.D.N.Y. 2020). Where, as here, an ALJ presents "no explicit rationale to justify his finding concerning [p]laintiff's daily off-task time, and the Court cannot otherwise glean an implicit rationale from the evidence that the ALJ cited," remand is necessary. *Julie Y. v. Comm'r of Soc. Sec.*, 2021 U.S. Dist. LEXIS 23814

at *7-*8 (W.D.N.Y. 2021)(where ALJ determined that Crohn's symptoms could be accommodated by an off-task allowance of 10% and one day's absence per month, with no discussion of how "the ALJ came to the magic number[] of…10% off task," meaningful review is frustrated, and remand is necessary).

Here, while the ALJ's threshold finding that restroom breaks of some frequency or duration would be necessary to accommodate plaintiff's Crohn's disease symptoms was explained in detail, and well-supported by the record, the ALJ's conclusion that those symptoms could be accommodated by breaks of up to 10% of the workday is entirely unexplained.

Indeed, while the record contained references to symptoms occurring primarily during the first 1-2 hours of the day, no particular number or length of bathroom breaks was ever described or suggested by plaintiff, or by any other medical source in the record. In November 2019, plaintiff reported "crampy abdominal pain every morning with 1 loose bowel movement." (Dkt. #5 at 810). In January 2020, plaintiff reported to her physician that "[w]ithin the last month she had one single day with a lot of pain and loose bowel movements but most of the days were workable." (Dkt. #5 at 31, 804). In March 2020, plaintiff's treating gastroenterologist described her history of gastrointestinal symptoms ranging from daily cramping to nausea and diarrhea, opined that plaintiff "may or may not have [a] mild form of Crohn's disease although she most probably ha[s] functional gastrointestinal disease," and referred her for a second opinion. (Dkt. #5 at 1005). The gastroenterologist to whom she was referred for the second opinion noted that a colonoscopy had shown nothing abnormal, but that plaintiff continued to report daily abdominal pain, bloating, and diarrhea, and was experiencing watery bowel movements despite treatment. He opined that there was not sufficient evidence to diagnose plaintiff with Crohn's disease, but suspected that she had irritable bowel syndrome with food intolerances. (Dkt. #5 at 678-85).

Plaintiff reported to the consulting internist, and testified at the hearing, that she experienced gastrointestinal symptoms like abdominal bloating, cramping, and diarrhea every day, especially during the first 1-2 hours after waking in the morning. (Dkt. #5 at 52-53, 869-73). However, she also testified that her symptoms were significantly exacerbated by stress, such that the stress of the upcoming hearing had resulted in several hours of digestive issues on that particular day. *Id.* As of February 2021, following a normal CT scan and endoscopy, plaintiff's gastroenterologist modified her diagnosis from inflammatory bowel disease to diarrhea dominant irritable bowel syndrome, observing that plaintiff still "reports morning episodes daily with marked abdominal cramping and diarrhea but for most of the day she functions fine without interruption." (Dkt. #5 at 978-82, 1001-1002).

Consulting internist Dr. Nikita Dave examined plaintiff on November 6, 2020. Objective findings were entirely normal. However, based on plaintiff's self-described gastrointestinal symptoms ("has daily morning routine where she wakes up with abdominal pain and then has cramping with bowel movements . . . [i]t takes her one to two hours to feel better"), Dr. Dave opined "significant limitations for all physical activity in the morning times," avoidance of heavy lifting, carrying, pushing, pulling, prolonged standing, and prolonged walking, and the ability to take "frequent restroom breaks." (Dkt. #5 at 869-73).

The ALJ found Dr. Dave's opinion "unpersuasive" to the extent that it was vague and based solely upon subjective statements about plaintiff's symptoms, and was inconsistent with plaintiff's recent medical records, which showed no evidence of "inflammatory disease or other clinical signs." (Dkt. #5 at 33). Nonetheless, observing that "Dr. Dave's assessment that the claimant would have some degree of limitation due to her ongoing condition is consistent with the medical history," the ALJ adopted RFC limitations that included restricting plaintiff to light work, with no

more than occasional engagement in postural activities, and off-task time of 10% of the workday, in addition to regularly-scheduled morning, afternoon, and lunch breaks. (Dkt. #5 at 30, 33).

While the Court agrees with the ALJ's observation that Dr. Dave's opinion was "vague," the ALJ did not seek clarification from Dr. Dave, rely on any other opinions, or otherwise explain how any of the evidence of record supported the highly-specific determination that plaintiff had the RFC to perform a limited range of light work, with an allowance for 10% of time off-task. Because the ALJ did not describe his reasoning for finding that plaintiff's Crohn's disease-type symptoms could be accommodated by the "magic number" of 10% of the workday spent off-task, and because none of the medical sources, or plaintiff herself, ever attempted to quantify the precise timing, frequency and duration of restroom breaks that were required (beyond Dr. Dave's vague reference to "morning hours" and "frequent" breaks), the Court is at a loss to determine whether that finding is supported by substantial evidence. Because, according to the vocational expert, an off-task limitation of 15% or more would render plaintiff unemployable and result in a finding of disability, the ALJ's error cannot be deemed harmless. Remand is therefore appropriate.

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision was not supported by substantial evidence, and was the product of reversible legal error. The matter is remanded for the limited purpose of obtaining supplemental evidence concerning the particular RFC limitations (including the number, frequency and/or length of restroom breaks) that plaintiff requires to accommodate gastrointestinal symptoms, and rendering a new decision.

The plaintiff's motion for judgment on the pleadings (Dkt. #6) is granted, Commissioner's cross motion for judgment on the pleadings (Dkt. #8) is denied, and the matter is remanded for further proceedings consistent with this decision and order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated:  Rochester, New York
        November 17, 2023.