UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RACHEL L.,

                                  Plaintiff,

                                   DECISION AND ORDER

                                   23-CV-0199DGL

                    v.

COMMISSIONER OF SOCIAL SECURITY,

                                  Defendant.
_____

Plaintiff, a prevailing party in a claim for Social Security benefits, filed the instant motion for attorneys fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d)(1)(A), on February 22, 2024. (Dkt. #13). The Court issued a scheduling order (Dkt. #14) which directed the Commissioner to file a response or on before April 19, 2024. The Commissioner has not responded, and plaintiff's motion is therefore unopposed.

For the reasons that follow, plaintiff's motion is granted.

## DISCUSSION

As the Second Circuit explains:

> The [EAJA] provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

*Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 302-03 (2d Cir. 2011) (quoting 28 U.S.C. §2412(d)(1)(A)).

Accordingly, entitlement to a fee award in a civil action under the EAJA requires: (1) that the claimant was a prevailing party; (2) that the government's position was not substantially justified; and (3) that there are no special circumstances that would make an award unjust. *See Gomez-Beleno v. Holder*, 644 F.3d 139, 144 (2d Cir. 2011). The government "bears the burden of showing that [its] position was 'substantially justified,' which the 'Supreme Court has construed to mean, 'justified to a degree that could satisfy a reasonable person.'" *Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 81 (2d Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

Upon careful consideration of the record, I find that the plaintiff is a prevailing party, that the government's position below was not substantially justified, and that there are no special circumstances that would make an award unjust.

In brief, plaintiff prevailed in this matter by successfully obtaining a remand for further proceedings. Because the legal principles upon which the remand was based (e.g., that an ALJ may not base a disability determination on layperson interpretation of raw medical evidence) were clear and longstanding, the Commissioner's defense of the ALJ's decision, which was facially flawed, was not substantially justified. There are no circumstances presented here that would render an EAJA award unjust.

The Court has also weighed the reasonableness of the requested fee, in light of the relevant factors, including the size of the record (here, over 1,000 pages), the complexity of the factual and legal issues involved, and counsel's experience and level of involvement. *See Cassandra H. v. Commissioner*, 2023 U.S. Dist. LEXIS 67781 at *14 (W.D.N.Y. 2023). Here, counsel requests compensation for 33.5 hours of attorney time, multiplied by the statutory rate for each of the relevant calendar years, adjusted for inflation. The Court finds that this number is within the

reasonable range of hours typically expended upon Social Security cases. Plaintiff's counsel is accordingly entitled to attorney's fees in the requested amount of $8,198.04.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for an award of attorney's fees under the EAJA (Dkt. #13) is granted. The Commissioner shall pay $8,198.04 to plaintiff's counsel, subject to offset under the Treasury Offset Program, if any.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
July 10, 2024.